IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**RALPH EUGENE TRAVIS,**

          **Petitioner,**

v.                                  Case No.   24-CV-070-JFH-JAR

**SEMINOLE NATION
TRIBAL COURT,**

          **Respondent.**

## OPINION AND ORDER

Petitioner Ralph Eugene Travis ("Travis"), a pro se prisoner who is incarcerated at the Pottawatomie County Jail in Shawnee, Oklahoma, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Dkt. No. 1.  He claims he was sentenced to three years' imprisonment in Seminole Nation Tribal Court Case Nos. CF-2022-58 and CF-2022-26.  *Id.* at 1. He raises one ground for relief, claiming his sentence subjects him to illegal housing that violates the Eighth Amendment prohibition against cruel and unusual punishment.  *Id*.  Travis alleges the following supporting facts:

> Sentenced to 3 years in a facility with no outdoor recreation, no Native American religious practices, horrible temporary medical care, no access to [the] Seminole Nation law library, [and] no access to courts, certified mail or notary for indigent inmates. 3 people in one small cramped cell fit for 2.  No long-term holding facility to safely or constitutionally house inmates long-term.

*Id.* at 5.

The Court has carefully reviewed the record and construes Travis's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court finds that Travis has improperly presented his claims in a habeas corpus petition pursuant to 28 U.S.C. § 2254. A § 2254 petition challenges the validity of a state conviction or sentence. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Here, Travis is challenging the conditions of his confinement in the Pottawatomie County Jail, not the validity of his tribal-court sentence.[1] Therefore, this petition must be dismissed for Travis's failure to state a claim for habeas corpus relief.

Travis may raise his Eighth Amendment claims regarding the conditions of his confinement in a new civil rights complaint pursuant to 42 U.S.C. § 1983. He must, however, file the complaint in the federal district where the defendants reside or where the alleged constitutional violations have occurred. *See* 28 U.S.C. § 1391(b)(1)-(2). The Pottawatomie County Jail is located in within the territorial jurisdiction of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c). Therefore, Travis may file a civil rights complaint in the Western District. Forms for filing a pro se prisoner civil rights complaint in the Western District are available at https://www.okwd.uscourts.gov or from the Clerk of the Western District Court.

IT IS THEREFORE ORDERED that this action is dismissed for failure to state a claim for habeas corpus relief.

Dated this 2nd day of August 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner were challenging the validity of his tribal-court conviction or sentence, it would be examined under 25 U.S.C. § 1303 ("The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe.").